IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 8:18-963-TMC-1 |
| | ) | |
| vs. | ) | MOTION FOR DISCOVERY |
| | ) | AND INSPECTION |
| BRENDA ABLE RODGERS | ) | |

The above-named defendant, by and through undersigned counsel, moves this Court pursuant to F.R.Cr.P. 16 to order the U.S. Attorney to produce and permit defendant to inspect, copy or photograph each of the following, now known to or in the possession of the government, or any of its agents or which through diligence would become known from the investigating officers, or witnesses or persons having knowledge:

1. Any and all tangible objects obtained during the investigation in this case, including:

    (a) tangible objects obtained from defendant's person or effects;

    (b) tangible objects obtained from the person or effects of co-defendants;

    (c) tangible objects obtained from the person, effects, or vehicle driven by a co-defendant.

2. All other books, papers, documents, or tangible objects the government plans to offer in evidence.

3. Any and all other books, papers, documents, or tangible objects upon which the government relied in returning the indictment against defendant, or which the government plans to offer in evidence in this case.

4. Any and all property in the possession of the government or its agents or seized by them, belonging to or alleged by the government to belong to defendants.

5. Any and all fingerprint impressions, blood samples, clothing, hair, fiber or other materials obtained by whatever means or process from the scene of the offense, the defendants or codefendants, or the vehicle occupied by any one of the defendants or co-defendants, or those of some other person known or unknown.

6. Any and all comparisons of blood, fingerprints, clothing, hair, fiber or other materials made in connection with this case.

7. The written report of any chemical analysis of the alleged plant material seized herein, prepared by the government or any of its agents or anyone at its direction, together with any Descriptions, test results, test dates, and any determinations as to the nature or weight of said substance.

8. Any and all results or reports of physical or mental examinations.

9. Any and all statements, confessions or admissions made by defendant whether written or oral, subsequently reduced to writing, or summarized in officer's reports, or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of

due diligence may become known to the U.S. Attorney. This request includes statements made to witnesses other than police officers at any time defendants were in custody as well as the precise words attributed to the defendants which caused government agents to conclude that defendants were "associated" with other co-defendants.

10. Any and all documents, instruments, forms or statements of any kind signed or purported to have been signed by the defendants.

11. Any and all statements of co-defendants whether written or oral, subsequently reduced to writing, or summarized in officer's reports or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the U.S. Attorney.

12. Any and all names and addresses of persons who have knowledge pertaining to his cause or who have been interviewed by the government in connection with this case.

13. Any and all FBI and local arrest and conviction records of all persons the government plans to call at trial.

14. Written statements of all persons who the government does not plan to call as a witness at trial.

15. The transcript of testimony of any and all persons who testified before the Grand Jury in the case.

16. The name, identity and whereabouts of any informer who gave information leading to the arrest of defendant, or codefendants, and whether said informant was paid by the government for such information.

17. Any and all material now known to the government, or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or persons having knowledge of this case, which is exculpatory in nature or favorable material or which might serve to mitigate punishment, and including any evidence impeaching or contradicting testimony of government witnesses or instructions to government witnesses not to speak with or discuss the facts of the case with defense counsel.

18. The defendant further moves for:
    (a) Disclosure of existence and substance of promises of immunity, leniency or preferential treatment.
    (b) Production of statements by co-defendants and coconspirators.
    (c) Disclosure of electronic surveillance and for a full investigation of surveillance.
    (d) Disclosure of names, addresses and criminal records of witnesses.
    (e) Disclosure of Grand Jury proceedings.
    (f) Early production of Jencks Material.
    (g) Government agents and attorneys to retain rough notes and writings.
    (h) Leave to file additional motions.

(i) Rule 12 Evidence.

(j) Access to prospective government witnesses.

(k) Disclosure of Rule 404 evidence.

(l) Disclosure of confidential informants or other cooperating individuals.

(m) Divulgence of Brady material.

WHEREFORE, defendant moves this Court to order production of the above-described items, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/*James B. Loggins*
James B. Loggins  (Fed. Bar #5927)
Assistant Federal Public Defender
75 Beattie Place, Suite 950
Greenville, South Carolina 29601
(864) 235-8714

December 12, 2018

Greenville, South Carolina